IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUZ BONILLA,<br>　　　Plaintiff,<br><br>vs.<br><br>T.K. STANLEY, INC.<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. M-05-230 |

## DEFENDANT T.K. STANLEY, INC.'S ORIGINAL ANSWER

Subject to its Partial Motion to Dismiss, Defendant T.K. Stanley, Inc. submits its Original Answer to Plaintiff's Original Petition[1] ("Petition"), respectfully stating as follows:

### I. DISCOVERY LEVEL

1.1     Defendant denies the allegation set forth in Paragraph 1.1 of Plaintiff's Petition. Defendant asserts that upon removal, this case is governed by the Federal Rules regarding discovery.

### II. PARTIES

2.1     Defendant admits the allegations set forth in Paragraph 2.1 of Plaintiff's Petition.

2.2     Defendant admits that it has been served with process.

---

[1] This case was removed to this Court on the basis of diversity jurisdiction.

**Defendant's Original Answer - 1343393-1 – Page 1**

### III. VENUE AND JURISDICTION

3.1     Defendant admits that venue and jurisdiction are proper in the United States District Court for the Southern District of Texas, McAllen Division, based on diversity jurisdiction. Defendant denies the remainder of the allegations set forth in Paragraph 3.1 of Plaintiff's Petition.

### IV. ADMINISTRATIVE PROCEDURES

4.1     Defendant denies that Plaintiff filed a charge with the Texas Commission on Human Rights, now known as the Texas Workforce Division – Civil Rights Division, within 180 days of the occurrence of the acts complained of. Defendant is without sufficient information to admit or deny the date on which Plaintiff filed her initial intake form, and the date on which Plaintiff received her Notice of Right to File a Civil Action.

4.2     Defendant is without sufficient information to admit or deny the date on which Plaintiff received her Notice of Right to File a Civil Action. Defendant denies that Plaintiff filed this lawsuit on May 26, 2005, and asserts that Plaintiff's lawsuit was filed on May 27, 2005. Defendant admits that Plaintiff's Notice of Right to File a Civil Action is attached as Exhibit A to her Petition. Defendant denies that Plaintiff is entitled to invoke "the relation back theory" or any other "equitable doctrines" in order to satisfy the administrative requirements of the Texas Commission on Human Rights Act. Defendant denies that all conditions precedent to the filing of this lawsuit have occurred, and specifically denies that Plaintiff filed her charge with the appropriate agency within 180 days of the occurrence of the acts complained of.

## V. NO FEDERAL CLAIMS MADE

5.1   Defendant admits that Plaintiff's Petition asserts solely claims brought under the Texas Commission on Human Rights Act and the common law of Texas.

## VI. FACTUAL BACKGROUND

6.1   Defendant admits that Plaintiff first was hired by Defendant in December 2000. Defendant denies the remainder of the allegations set forth in Paragraph 6.1 of Plaintiff's Petition.

6.2   Defendant admits that Plaintiff's employment with Defendant was terminated effective June 4, 2004. Defendant denies the remainder of the allegations set forth in Paragraph 6.2 of Plaintiff's Petition.

6.3   Defendant denies the allegations set forth in Paragraph 6.3 of Plaintiff's Petition.

## VII. CAUSES OF ACTION – WRONGFUL TERMINATION

**A.   Violations of the Texas Commission on Human Rights Act**

7.1   Defendant incorporates by reference its responses to the allegations contained in Section V of Plaintiff's Petition.

7.2   Defendant admits that Plaintiff's employment with Defendant was terminated effective June 4, 2004. Defendant denies the remainder of the allegations set forth in Paragraph 7.2 of Plaintiff's Petition.

7.3   Defendant denies the allegations set forth in Paragraph 7.3 of Plaintiff's Petition.

7.4     Defendant admits that Plaintiff's employment with Defendant was terminated effective June 4, 2004. Defendant denies the remainder of the allegations set forth in Paragraph 7.4 of Plaintiff's Petition.

7.5     Defendant denies the allegations set forth in Paragraph 7.5 of Plaintiff's Petition. Defendant admits that Plaintiff correctly cites Sections 21.051 and 21.055 of the Texas Commission on Human Rights Act, but denies that Plaintiff can establish either cause of action.

7.6     Defendant denies the allegations set forth in Paragraph 7.6 of Plaintiff's Petition.

7.7     Defendant denies the allegations set forth in Paragraph 7.7 of Plaintiff's Petition.

**B.     Intentional Infliction of Emotional Distress**

7.8     Defendant incorporates by reference its responses to the allegations contained in Section V of Plaintiff's Petition.

7.9     Defendant denies the allegations set forth in Paragraph 7.9 of Plaintiff's Petition.

## VIII. ACTUAL DAMAGES

8.1     Defendant denies the allegations set forth in Paragraph 8.1 of Plaintiff's Petition.

**A.     Lost Earning and Special Damages**

8.2     Defendant admits that it formerly employed Plaintiff. Defendant denies the remainder of the allegations set forth in Paragraph 8.2 of Plaintiff's Petition, and denies that Plaintiff is entitled to any of the damages sought.

B.  **Past and Future Mental Anguish**

8.3   Defendant denies the allegations set forth in Paragraph 8.3 of Plaintiff's Petition, and denies that Plaintiff is entitled to any of the damages sought.

### IX. ATTORNEY'S FEES

9.1   Defendant admits that a Plaintiff who prevails on one or more of her claims under the Texas Labor Code is entitled to attorney's fees as the prevailing party. Defendant denies the remainder of the allegations set forth in Paragraph 9.1 of Plaintiff's Petition, and denies that Plaintiff is entitled to any of the damages sought.

### X. EXEMPLARY DAMAGES

10.1   Defendant denies the allegations set forth in Paragraph 10.1 of Plaintiff's Petition, and denies that Plaintiff is entitled to any of the damages sought.

### XI. DEMAND FOR TRIAL BY JURY

11.1   Defendant admits that Plaintiff has made a demand for trial by jury. Defendant is without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 11.1 of Plaintiff's Petition.

11.2   Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered Prayer of Plaintiff's Petition.

### XII. AFFIRMATIVE DEFENSES

12.1.   Defendant affirmatively states that any claims alleged in Plaintiff's Petition that were not raised in a charge of discrimination filed with the Texas Workforce Commission –Civil Rights Division within 180 days of the date of the alleged wrongful conduct are barred by Plaintiff's failure to exhaust administrative remedies and the applicable statute of limitations.

12.2. Defendant affirmatively states that plaintiff's claim for intentional infliction of emotional distress fails to state a claim upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

12.3. Defendant affirmatively states that Plaintiff has willfully failed to mitigate her damages, if any.

12.4. Defendant affirmatively states that it is entitled to recover its reasonable attorney's fees and costs incurred in defending Plaintiff's claims.

Date: July 1, 2005.

Respectfully submitted,

*Bruce Griggs*
Bruce A. Griggs
Attorney-in-Charge
Texas Bar No.: 08487700
Southern Dist. of Texas Bar No.: 17847
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
301 Congress Avenue, Suite 1250
Austin, Texas  78701
512.344.4700 phone
512.344.4701 facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was sent by U.S. First Class Mail, postage prepaid, and via facsimile to all counsel of record on the 1st day of July, 2005.

Carlos E. Hernandez, Jr.
The Law Offices of Carlos E. Hernandez, Jr., P.C.
101 North 10th Avenue
Edinburg, Texas 78541

_____
Bruce A. Griggs